Although this is a close case, I also must conclude, considering the totality of circumstances, that the State's inability to explain one peremptory strike does not necessitate a retrial. I concur specially in order to emphasize the factual peculiarity of this case.
As we explained in Ex parte Bird, 594 So.2d 676 (Ala. 1991), the persuasiveness of the State's explanations for one or more peremptory strikes can be undermined by the pretextual nature of the State's rationale for the other challenges. Id. at 683. It logically follows that the State's burden of explanation for one peremptory strike, for which it offers little or no rationale, may, in extraordinary cases, be met by the persuasiveness of its remaining explanations or by the overallcircumstances to which it refers in rebuttal. I believe this is such a case.
The trial judge's determination in each case that peremptory challenges were not racially motivated is, ordinarily, entitled to considerable deference. Batson v. Kentucky, 476 U.S. 79, 98
n. 21, 106 S.Ct. 1712, 1724 n. 21, 90 L.Ed.2d 69 (1986). Such a determination is one circumstance on which the State is entitled to rely on appeal. The weight to be accorded this circumstance by the reviewing court is significantly magnified if the trial judge himself shares the race of the challenged veniremembers.
After extensive testimony and consideration of the circumstances surrounding the State's voir dire in this case, Judge Price, an experienced black circuit judge and former prosecutor, emphatically rejected the defendant's allegations of discrimination. In doing *Page 861 
so, he specifically referred to his natural, preemptive "sensitivity" to this issue.
Judge Price's unique experience and perspective weigh heavily in favor of the State's argument. This factor, in my view, especially when considered in conjunction with the other mitigating circumstances noted in the principal opinion, overcomes the State's inability to explain its 11th peremptory challenge.